OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant-cross appellee D.A.N. Joint Venture, III, L.P. [hereinafter D.A.N.] appeals from the July 8, 2003, Judgment Entry of the Delaware County Court of Common Pleas which dismissed D.A.N.'s complaint. Defendants-appellees-cross appellants are Ronald and Lisa Legg [hereinafter the Leggs]. On cross appeal, the Leggs appeal from the same July 8, 2003, Judgment Entry which in addition to dismissing D.A.N.'s complaint, dismissed the Leggs' counterclaim.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On September 23, 2002, D.A.N. filed a complaint to recover the sum of $21,307.98 from the Leggs pursuant to a retail installment contract, security agreement and disclosure statement with Heath Mobile Homes, Inc. D.A.N. alleged that the Leggs signed these documents as co-buyers or co-makers with William R. Calendine, II and Clara L. Calendine, as part of the purchase of a mobile home. The contract at issue was thereafter assigned to Chrysler First Financial Services of Ohio. The contract was later sold to the Cadle Company, who then transferred the contract to D.A.N.
 {¶ 3} The Leggs filed an answer to D.A.N.'s complaint alleging that they signed the contract only as witnesses and therefore did not owe D.A.N. any monies. In addition, the Leggs filed a counterclaim against D.A.N. asserting that D.A.N. had violated the Ohio Consumer Sales Practices Act. The Leggs sought damages, attorney fees and rescission of the contract.
 {¶ 4} The matter came to trial on June 27, 2003. On July 8, 2003, the trial court issued a Decision and Judgment Entry which dismissed both the complaint and the counterclaim. The trial court concluded, that as a matter of law, D.A.N. had failed to prove the cause of action in the complaint and that the Leggs had failed to establish their counterclaim.
 {¶ 5} Thus, it is from the July 8, 2003, Decision and Judgment Entry that D.A.N. appeals, raising the following assignments of error:
 {¶ 6} "I. That the court's decision in favor of the defendant [sic] on plaintiff's complaint is contrary to law and against the manifest weight of the evidence.
 {¶ 7} "II. The court erred in allowing parole evidence to be admitted due to the fact that the subject contract was clear and unambiguous."
 {¶ 8} In addition, the Leggs raised the following sole assignment of error on cross-appeal from the July 8, 2003, Decision and Judgment Entry:
 {¶ 9} "The trial court's decision that defendants did not establish a knowing violation of the Consumer Sales Practices Act is against the manifest weight of the evidence and contrary to law."
 {¶ 10} We will address D.A.N.'s assignments of error first, but out of order.
 II {¶ 11} In the second assignment of error, D.A.N. contends that the trial court erred when it permitted the introduction of parole evidence because the contract at issue was clear and unambiguous.
 {¶ 12} At trial, the Leggs were permitted to testified that they were told that they were signing the contract only as witnesses and not as buyers. D.A.N. argues that the trial court erred in permitting this evidence.
 {¶ 13} However, D.A.N. did not object to the admission of this evidence. By failing to object, D.A.N. waived any right to prohibit the introduction of such parole evidence. Starinki v.Pace (1987), 41 Ohio App.3d 200, 535 N.E.2d 328; ABM Farms,Inc. v. Woods (June 17, 1996), Fairfield App. No. 95 CAA 50, reversed on other grounds, 81 Ohio St.3d 498, 1998-Ohio-612,692 N.E.2d 574; See also, Bolin v. Bolin (Apr. 25, 1990), Summit App. No. 14268. However, even if D.A.N. failed to object, the alleged error may be considered under the plain error rule. SeeEjzak v. Remy, Richland App. No. 02CA8-2, 2002-Ohio-4385.
 {¶ 14} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Upon review of the record, we find no indication of plain error in the instant case.
 {¶ 15} In fact, a review of the contract demonstrates that it was not clear and unambiguous that the Leggs signed as buyers. Ronald and Lisa Leggs' signatures did not bear captions identifying in what capacity they were signing and their names and signatures were near the area in which those of the buyers were located but were not in the spaces provided for buyers. Upon review, we find that the contract was not clear and unambiguous and therefore there was no error in permitting the parole evidence.
 {¶ 16} Accordingly, D.A.N.'s second assignment of error is overruled.
 I {¶ 17} In the first assignment of error, D.A.N. contends that the trial court's decision in favor of the Leggs was contrary to law and against the manifest weight of the evidence. We disagree.
 {¶ 18} The trial court found that the Leggs signed the contract only in the capacity of witnesses and not as co-signers, co-buyers or co-makers and that the contract did not classify the Leggs as buyers. Further, the trial court noted that the sales person who handled the transaction did not treat the Leggs as buyers as he did not furnish the Leggs with a copy of the contract, payment coupons, payment book nor life insurance documents. As to the balance due on the contract, the trial court found that D.A.N. failed to produce any reliable or credible evidence as to the balance owed on the installment contract.
 {¶ 19} "When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context."Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286. Therefore, in determining whether a conviction is against the manifest weight of the evidence, this Court must: "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340,515 N.E.2d 1009. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph 1 of syllabus. The discretionary power to grant a new trial is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra.
 {¶ 20} In this case, the Leggs did indeed sign the contract but they did so on lines that were not part of the form itself but were added in a blank space under the "NOTICE TO BUYER" section and above a sentence that read "[b]uyers agree that at the time they signed they received a copy of this RETAIL INSTALLMENT CONTRACT." (Emphasis original). The Calendine's signed on lines placed below that sentence on lines that were clearly identified as the signatures of the buyers. William R. Calendine, II, signed on a line designated as "Signature of Buyer." Clara L. Calendine signed on a line designated as "Signature of Co-Buyer." The signatures of Ronald and Lisa Legg have no such language to identify them as co-buyers.
 {¶ 21} Likewise, the form has a place where the names of the buyers are to be written. The names of William and Clara Calendine are typed on that line. The Leggs' names are also typed at the top of the form but are above and to the left of the space for the buyers names and to the right of the place for the date. The Leggs' names are not identified as buyers.
 {¶ 22} Thus, this Court concludes that the contract does not clearly identify the Leggs as the buyers. Further, parole evidence, which was admissible under these circumstances (see assignment of error II), supported the trial court's conclusion that the Leggs signed the contract as witnesses. Both Ronald and Lisa Legg, testified that the salesperson told them that his secretary was gone and that he wanted them to sign as witnesses. The Leggs both testified that the salesperson made it clear that they were not signing as signers or co-buyers on the contract.
 {¶ 23} We find that the trial court's decision was not against the manifest weight of the evidence. The contract supports the trial court's conclusion in that it does not demonstrate that the Leggs signed the contract as buyers or co-buyers. This in and of itself would be enough to affirm the trial court's decision under the manifest weight argument. However, when this court considers the contract on its face in conjunction with the testimony of the Leggs, there is no doubt that the trial court's decision was not against the manifest weight of the evidence.
 {¶ 24} D.A.N. also argues that the trial court's conclusion that D.A.N. presented no reliable or credible evidence as to the balance owed on the installment contract is against the manifest weight of the evidence. In that we have found that the trial court's decision that the Leggs were only witnesses to the contract and not buyers or co-buyer, this issue is moot.
 {¶ 25} Accordingly, D.A.N.'s first assignment of error is overruled.
CROSS APPEAL
 {¶ 26} In their sole assignment of error, raised on cross appeal, cross appellants — appellees Ronald and Lisa Legg contend that the trial court's decision that the Leggs did not establish that cross appellee — appellant D.A.N. knowingly committed a violation of the Consumer Sales Practices Act was against the manifest weight of the evidence and contrary to law. The Leggs contend that D.A.N. committed a violation of the Ohio Consumer Sales Act when D.A.N. attempted to establish them as buyers or co-buyers although they only signed the contract as witnesses and that D.A.N. should be held responsible for the fraudulent inducement committed by Heath Mobile Home Sales, Inc. which resulted in the Leggs signing of the contract in the first place. We disagree.
 {¶ 27} The Leggs did not and cannot under the findings of the trial court, as affirmed on appeal, demonstrate a claim under the Ohio Consumer Sales Practices Act [hereinafter OCSPA]. The Leggs sought relief pursuant to R.C. 1345.09, Private Remedies. Revised Code 1345.09 identifies the remedies that a consumer can avail themselves of if that consumer can demonstrate a violation of the OCSPA. A consumer is defined as "a person who engages in a consumer transaction with a supplier. R.C. 1345.01(D). Inthis case, the Leggs were not consumers because they were notengaged in the consumer transaction. They were merely witnessesto the contract. Accordingly, the Leggs are not consumers andcannot avail themselves of the remedies for consumers providedfor in R.C. 1345.09.
 {¶ 28} Cross appellants', the Leggs', sole assignment of errorraised on cross appeal is overruled.
 {¶ 29} The Judgment of the Delaware County Court of Common Pleas is hereby affirmed.
Edwards, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to D.A.N. Joint Venture III, LP.